IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION
FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG 20 A 11: 59
CLERK _____
SO. DIST. OF GA.

JEREMY RYAN HILLEY,

   Plaintiff,

v.

   CIVIL ACTION NO.: CV613-071

ROBERT HUMES, Superintendent;
THOMAS PAUL, Unit Manager;
and Sgt. ROY BRANTLEY,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jeremy Ryan Hilley ("Plaintiff"), an inmate currently housed at Emanuel Probation Detention Center ("EPDC") in Twin City, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that in February 2013, the staff of EPDC began cancelling and/or cutting short Sunday morning church services. (Doc. No. 1, p. 5). Plaintiff contends that he has been told by numerous staff members of EPDC that the church service schedule had to be altered because the kitchen staff runs late and there are not enough officers on hand to provide sufficient security. (Id.). Plaintiff cites to several dates on which he alleges church services were delayed or cut short. Plaintiff contends that church services do not pose a security risk at the prison and EPDC staff is only required to "head count" the inmates attending services. (Id. at p. 8). Plaintiff states that only the Sunday morning Baptist service is interrupted. (Id. at p. 9). Plaintiff avers

2

that he has suffered mentally and emotionally from the disruptions in church service schedule. (Id. at p. 7). Plaintiff states his psychiatrist told him that he is paranoid and discouraged him from filing the instant suit. (Id.). Plaintiff alleges the Pastor declined to participate as a witness in the instant action and desires to avoid confrontation with EPDC staff. (Id. at p. 10). Plaintiff asserts that the EPDC staff has ignored the grievances he filed and "continues to disregard the priority of church allowing kitchen staff to serve breakfast late every Sunday cutting church service short although Pastor is always on time." (Id. at p. 4). Plaintiff also includes several allegations regarding EPDC's staff's administration of the grievance procedure and handling of legal mail. (Id. at pp. 11 – 13). Plaintiff avers he was required to make three attempts to file the instant action because of the EPDC staff's administration. (Id.). In a filing submitted as "Supplemental Update Number One" Plaintiff reports several more instances in which he asserts breakfast has been served in a manner which has disrupted the proper scheduling of church services. (Doc. No. 7). Plaintiff asserts he will "continue documenting all dates and times concerning church services." (Id.). Plaintiff states the Baptist Christians are not afforded an hour of worship like the Jehovah's Witnesses because of the improper scheduling of breakfast. (Id. at p. 4). Plaintiff names as Defendants: Robert Humes, EPDC superintendent; Thomas Paul, EPDC Unit Manager; and Ray Brantley, Sergeant.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity

3

secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any factual allegations that Defendants Humes and Brantley were personally involved in any way with the alleged disruption in church services. Additionally, as to Defendant Humes, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). Plaintiff has not shown that he is entitled to relief against Humes or Brantley, and they should be **dismissed** as Defendants in this action.

"In the First Amendment context . . . some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system.'" Shaw v. Murphy, 532 U.S. 223, 229 (2001), quoting Pell v. Procunier, 417 U.S. 817, 822 (1974). It follows that an inmate's rights established under the First Amendment are not protected if allowing such protection is "inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell, 417 U.S. at 822. Inmates retain a constitutional right protected by the First Amendment to exercise their sincerely held religious beliefs freely, but this right is limited by the fact of incarceration and valid penological objectives such as maintaining the health and safety of inmates. O'Lone v. Estate of Shabazz, 482 U.S. 342, 345 (1987); Turner v. Safley, 482 U.S. 78 (1987); Lawson v. Singletary, 85 F.3d 502, 521 (11th Cir.1996). The law is well settled that "central to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves

AO 72A
(Rev. 8/82)

[which entails the preservation of inmate health and safety]." Pell, 417 U.S. at 823; Bell v. Wolfish, 441 U.S. 520, 546 (1979) (maintaining safety and security of inmates is "essential goal[ ] that may require limitation or retraction of the retained constitutional rights of ... convicted prisoners....").

In order for an inmate to demonstrate a free exercise violation, he must show that prison officials administered or implemented a policy or regulation, not reasonably related to any legitimate penological interest or security measure, which burdens the practice of his religion or restricts his free exercise of a sincerely held religious belief. Hernandez v. Commissioner, 490 U.S. 680, 699 (1989); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); see also Overton v. Bazzetta, 539 U.S. 126, 132 (2003). The burden must be substantial and significantly interfere with an inmate's practice of his religious beliefs. Hernandez, 490 U.S. at 699. Importantly, the defendant does not have the burden of proving the validity of a regulation; rather, the burden is on the plaintiff to disprove it. Turner v. Safley, 482 U.S. 78, 89-91 (1987). At most, Plaintiff has shown that, on some occasions, the church service schedule had to be altered due to unforeseen scheduling conflicts at EPDC. Plainitff makes no allegation that EPDC has instituted a policy or regulation, unrelated to legitimate penological interests, which burdens the exercise of his religious beliefs. Plaintiff's allegations are not sufficient to plead a claim for violation of Plaintiff's free exercise of religion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)